371 A.2d 910
**COMMONWEALTH of Pennsylvania**
v.
**Clifford MURRAY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided March 31, 1977.

424

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

On February 24, 1976, appellant was found guilty following a non-jury trial in which one indictment charged appellant with theft by unlawful taking or disposition [1] and receiving stolen property,[2] and another indictment charged appellant with criminal conspiracy.[3] Appellant was sentenced to concurrent six to twenty-three month prison terms on both bills of indictment. This appeal followed. We find the evidence to be sufficient to sustain both convictions, and affirm.

█ In considering appellant's assertion that the evidence was insufficient to sustain his convictions, we must review the evidence in a light most favorable to the Commonwealth. *Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406 (1974). In so viewing the evidence, the following facts were established at trial: Mr. Glen Mouzon returned to his home in Philadelphia at 10:00 p. m.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3921 (1973).
2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3925 (1973).
3. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 903 (1973).

on the evening of November 29, 1975. He parked his automobile, a 1966 Buick, in front of his home. At approximately 10:30 p. m., he discovered that his car was missing. He thereafter notified the police. At approximately 1:00 a. m. in the morning of November 30, Officer Michael Mumper arrived at Mr. Mouzon's home where he was given the license number and a description of the missing auto. In addition, Mr. Mouzon testified that he had locked the doors of his automobile, and that he had not given anyone permission to use it.

At 2:00 a. m. of the same morning, Officer Mumper, sitting in his patrol car only two blocks from Mr. Mouzon's home, spotted a car fitting the description of the stolen vehicle. The vehicle was traveling at a high rate of speed as it went past Officer Mumper, who immediately gave chase. With the lights of his patrol car flashing, Officer Mumper pursued the speeding vehicle for a short distance down York Street until, in the middle of the block, the vehicle stopped with its rear portion sticking out into the one lane street. The two male occupants of the vehicle jumped out and fled down York Street. Officer Mumper also exited his patrol car and pursued the two men. He testified that at this point he was approximately twenty feet behind the men.

The chase continued down York Street until the two men split up. One man continued running down the street and the other one, identified as the defendant, ran into a local bar. Officer Mumper ran into the bar seconds later, to see a man he recognized as one of the men he chased sitting at the bar. A back-up team of officers was summoned and arrived on the scene within a minute, at which time appellant was arrested and the entire bar was searched. Officer Mumper testified that he examined the vehicle from which the two men had alighted, which in fact turned out to be Mr. Mouzon's automobile, and discovered that no keys were in the ignition and that

the ignition wires were hanging down under the dashboard.

On appeal, appellant contends that the evidence was insufficient to prove the necessary elements of the theft and conspiracy charges, and that Officer Mumper's identification of appellant as the person he chased was lacking in sufficient certainty.

■ Initially, it should be pointed out that while one indictment charged appellant with theft by unlawful taking or disposition *and* receiving stolen goods, he received a single general sentence on that indictment as is proper. *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624, *allocatur refused*, 233 Pa.Superior Ct. *xxxvi* (1975). The conviction will be upheld if either one of the counts of the indictment will sustain it.[4] *Commonwealth v. Phillips*, 215 Pa.Super. 5, 257 A.2d 81, *allocatur refused*, 215 Pa.Super. *xxxvi* (1969).

■ Appellant argues that he cannot be found guilty since Officer Mumper was unable to testify as to which of the two men he chased had actually been driving the stolen vehicle, and that even if he had been able to do so, there was insufficient evidence to establish the required element of guilty knowledge on the part of appellant, i. e. knowledge or belief that the vehicle was stolen.

In recent years, there have been numerous appellate decisions concerning what permissible inferences of guilty knowledge can be drawn from certain facts in evidence. In *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976), the Supreme Court made a detailed review of these cases and clarified the state of the law in this area. It is now clear that it is constitutional for the

4. As Judge SPAETH pointed out in *Commonwealth v. Simmons*, supra, it is quite possible to have sufficient evidence to prove guilt beyond a reasonable doubt on a receiving charge and on an unlawful taking charge with regards to the same property, though by definition, no person could actually be guilty of both.

trier of fact to draw a permissible inference of guilty knowledge from the unexplained (or unsatisfactorily explained) possession of recently stolen goods. *Commonwealth v. Williams,* supra. In the present case, the vehicle had been stolen at most four hours prior to appellant's arrest, clearly "recent" under the holding of *Commonwealth v. Williams,* supra,[5] and obviously an insufficient time for the vehicle to have been assimilated into the ordinary market channels for automobiles.

Other considerations to be made by the trier of fact in determining whether or not guilty knowledge is shown beyond a reasonable doubt are the condition of the automobile, the relationship of the accused with the victim of the theft, and the accused's conduct at time of arrest. *Commonwealth v. Williams,* supra. In the case at bar, the stolen vehicle when examined by Officer Mumper did not have the ignition keys, and the ignition wires were "pulled down." There was no evidence that appellant knew Mr. Mouzon, and Mr. Mouzon expressly stated that no person had been given permission to operate his car. As to appellant's conduct at the time immediately preceding his arrest, it speaks for itself, and is totally inconsistent with innocent behavior [6] and merely adds weight to the trial judge's conclusion that appellant knew the vehicle was stolen. Clearly the finder of fact was justified in finding that the element of guilty knowledge was shown beyond a reasonable doubt.

■■■ As to the matter of possession, we do not believe that Officer Mumper's inability to state that appellant

---

**5.** *Williams* held that possession of an automobile twelve days after it was stolen was "recent."

**6.** Appellant argues that flight from the scene in this case is analogous to flight from the scene of an accident by a juvenile accused of unauthorized use of an automobile, which we held, under the circumstances, was not inconsistent with innocent behavior in *In re Waldron,* 237 Pa.Super. 298, 353 A.2d 43 (1975). In this case however, appellant is an adult, no accident occurred, and no explanation was given for the flight.

was actually driving the stolen vehicle is fatal to the Commonwealth's case. Under the circumstances, the trier of fact found that appellant was either driving or riding in a vehicle that he knew was stolen. This, coupled with the attempted escape along with his companion, was sufficient basis for the fact finder to apply the doctrine of joint possession, which is appropriate when the ". . . totality of the circumstances justify a finding that all of the occupants of the vehicle were acting in concert . . .." *Commonwealth v. Shaffer*, 447 Pa. 91, 105, 288 A.2d 727, 735, *cert. denied*, 409 U.S. 867, 93 S. Ct. 164, 34 L.Ed.2d 116 (1972). Under this doctrine, it is immaterial that appellant may not have been behind the wheel of the stolen vehicle. We are satisfied that the evidence supports conviction of receiving stolen goods beyond a reasonable doubt.

While appellant ostensibly raises the insufficiency of the evidence on the conspiracy charge, he fails to address this matter in his brief. Nevertheless, we are convinced that there was sufficient evidence to prove a criminal conspiracy between appellant and his unknown companion. We have repeatedly held that the evidence must show more than mere association to establish a conspiracy. At the same time, it is clear that the conduct of the parties under the particular circumstances of the case is sufficient proof to establish that a corrupt confederation existed. *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Minnich*, 236 Pa.Super. 285, 344 A.2d 525 (1975). The facts heretofore discussed in regards to the theft charge, and in particular the facts of the attempted escape, supply adequate basis for the conclusion of the lower court that a criminal conspiracy had been entered into.

[8] The final issue which must be addressed is appellant's contention that Officer Mumper's identification of appellant as the man he chased into the bar was not sufficiently certain to prove identity, which, like all other el-

ements of the crimes charged, must be proved beyond a reasonable doubt. Officer Mumper testified that he entered the bar "seconds" after the man he was pursuing entered, that he recognized the man as soon as he entered the bar, and that appellant was wearing the same type of clothes as the man Officer Mumper had chased into the bar. Notes of Testimony at 17–20.

Appellant seeks to characterize Officer Mumper's identification as uncertain because, after lengthy cross-examination, defense counsel asked Officer Mumper if it was a fact that the officer was not "one-hundred per cent sure" when he saw appellant, that appellant was the man he had chased into the bar, to which Officer Mumper responded "Yes, I guess you could say that." Notes of Testimony at 23. Identification, however, is a question of fact which is required to be proved beyond a reasonable doubt, not an absolute certainty. We are convinced that there was sufficient evidence to permit the trier of fact to find that appellant's identity was in fact established beyond a reasonable doubt.

Judgment of sentence affirmed.

HOFFMAN, J., concurs in the result.