416 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Vaugn SCUDDER, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.

Decided July 3, 1980.

416

Darrell L. Kadunce, Butler, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

On the night of June 21, 1976, or early morning hours of June 22, a van was stolen from in front of a house in the Borough of Etna, Allegheny County. At or about noon on June 22, the wife of the owner of the stolen van was driving on Route 8 when she saw the van approaching from the opposite direction in which she was travelling. She turned her vehicle around, followed the van and when she was satisfied that the vehicle was her husband's van, radioed the police by CB radio. In response to her call, the township police gave chase in two patrol cars over a distance of three miles. The patrol used sirens and overhead lights but the driver of the van refused to heed their direction to stop. The van was eventually stopped by a roadblock set up by the police.

A search of the van revealed two riding mowers, both had also been stolen. One of the mowers was taken from the possession of its owner on June 22 and the other within a day or two prior to the date of the arrest. Also found in the van was a spray can of blue paint that had apparently been

used to paint the van's side windows after it had been taken from the possession of the rightful owner and a jumped ignition switch hanging under the van's dashboard.

The driver of the stolen van, Wayne Paananen, and appellant, a passenger in the vehicle at the time that it was stopped, were arrested and charged with various offenses. After a trial by jury, appellant was found guilty of three counts of receiving stolen goods for the van and the two mowers. After sentence was imposed, an appeal was taken to the Superior Court which affirmed. We granted allocatur and now reverse.

Appellant charges that the evidence was insufficient to support the verdicts. The test for sufficiency of evidence is whether accepting as true all the evidence and all reasonable inferences deductible from such evidence, upon which the trier of fact could have based its verdict, the evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Williams*, 468 Pa. 357, 362 A.2d 244 (1976); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976). Moreover, in reviewing the evidence, we must consider it in the light most favorable to the verdict winner. *Commonwealth v. Ilgenfritz, supra; Commonwealth v. Green*, 464 Pa. 557, 347 A.2d 682 (1975); *Commonwealth v. Rife*, 454 Pa. 506, 312 A.2d 406 (1973). Guilt may be inferred from circumstantial evidence as well as direct evidence and circumstantial evidence alone, if sufficiently strong to support the inference beyond a reasonable doubt, may sustain the verdict of guilt. *Commonwealth v. Williams, supra; Commonwealth v. Shaffer*, 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Roscioli*, 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Thomas*, 429 Pa. 727, 239 A.2d 354 (1968).

The section under which appellant was charged provides:

(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

(b) Definition.—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.   18 Pa.C.S.A. § 3925

■■■■ Appellant contends that the evidence does not establish that he either "intentionally received" or "knew" that the property had been stolen.   Appellant is correct in his assertion that both of these elements must be established by the Commonwealth to sustain the charges.   *Commonwealth v. Peluso*, 481 Pa. 641, 393 A.2d 344 (1978); *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971).   The Commonwealth counters by citing the fact that he was in the van,[1] that the two mowers were also in the van, that the paint used for painting the windows was in the van, and that the operator of the vehicle attempted to avoid the police.   None of these factors individually or collectively would support a finding of appellant's guilt beyond a reasonable doubt.

■■■■ As a passenger in the vehicle, there is no basis for finding that appellant "received" either the van or the mowers.   There is no showing that appellant exercised conscious control or dominion over these goods.   *Commonwealth v. Davis, supra.*   Such a conclusion is not warranted merely because a person was a passenger in the stolen vehicle.   *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973); *Commonwealth v. Taylor*, 69 Pa.D. & C.2d 748 (1974).[2]   Nor does the fact that the operator attempted to flee provide a basis for such an inference, without some showing that the passenger directed, encouraged or consented to the actions of the operator in this regard.   The inference of guilt arising

1.   The defense attempted to establish that appellant had been picked up by Paananen as a hitchhiker.   Although Paananen and appellant had previously met, there was no showing of a close association between the two.

2.   Even though the Commonwealth was proceeding under a theory of joint possession, the Commonwealth was, nevertheless, required to establish the conscious control or dominion over the goods by the accused.   Of course, if the evidence established a conspiracy, of which the accused is a member, and that conspiracy had as its objective the possession of the goods, or the possession of the goods

from flight may not be imputed to a passenger unless there is some evidence to indicate that the passenger concurred in the judgment to flee.

The evidence is equally devoid of any factors that would support an inference that appellant was aware the items were stolen. *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973). Thus, we must look to determine whether there was a basis from which an inference could be drawn that appellant knew or should have known that the van was stolen. The fact that the side windows had been recently painted and the paint and the gloves used to do the painting was in the van do not help to support such an inference. The painting of windows on such a vehicle is not so uncommon an event as would arouse the suspicion of the reasonably prudent man.

The Commonwealth stresses the fact of the jumped ignition switch. The significance of this fact when offered against the operator of a vehicle pales when it is offered to establish the guilty knowledge of the passenger. The Com-

served as a means to achieve the objective of the conspiracy, this requirement would be satisfied. Here, however, there was no proof of a conspiracy between the appellant and Paananen.

The situation here is quite similar to that in the case of *Commonwealth v. Tirpak*, 441 Pa. 534, 272 A.2d 476 (1971). In *Tirpak* this Court stated:

Under these circumstances, the basis of the Commonwealth's case was the legal theory of constructive or joint possession. The Commonwealth attempts to prove this by proof of the appellants at the scene, opportunity to commit or join in the possession or control of the marijuana, guilt by association, and suspicion or conjecture. Under the particular facts and circumstances of this case, this is not sufficient to prove beyond a reasonable doubt that these four defendants were guilty of the crimes for which they were indicted and convicted, namely, the possession or control of drugs. *Id.*, 441 Pa. at 537, 272 A.2d at 478. *See also Commonwealth v. Davis, supra*; *Commonwealth v. Russell*, 444 Pa. 4, 279 A.2d 185, 186 (1971).

As we have repeatedly stated, we will not draw the inference of possession from mere presence or proximity. *Commonwealth v. Davis, supra*; *Commonwealth v. Russell, supra*.

Additionally, it should be noted that we are not here concerned with any inference of guilt that may be drawn from the fact of recent possession. The obvious reason is because we find that the evidence has not established possession in appellant.

monwealth relies upon the fact that the condition was observable. Knowledge that the van was started without a key is not the critical factor pointing to guilt. The inference of guilt flows from the fact that the operator would be aware of why he was required to use this means to start the motor. Here, there is no showing that appellant was privy to such information. Further, there are too many lawful reasons that might explain the necessity in starting a vehicle in this manner to charge a passenger with guilty knowledge from the fact that he was aware that the operator started the vehicle without the use of the key.

Finally, we note that the trial court in its analysis attempted to overcome the vacuity in the proof by drawing an adverse inference from the fact that the defendant failed to exculpate himself at the time of the arrest. The fallacy of this reasoning is obvious and has been repudiated in this jurisdiction. *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826 (1976); *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590 (1973); *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972); *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A.2d 904 (1967).

The judgments of sentence are reversed and the appellant is discharged.

KAUFFMAN, J., dissents.