566 A.2d 266

In the Interest of Andre SCOTT.

**Appeal of Andre SCOTT.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1989.

Filed Nov. 2, 1989.

Leonard N. Sosnov, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echteruach, Asst. Dist. Atty., for Com., participating party.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

Andre Scott, a fifteen year old boy, was adjudicated delinquent on a petition alleging that he had committed the crimes of theft by receiving stolen property,[1] unauthorized use of a motor vehicle,[2] and criminal conspiracy.[3] On appeal from a dispositional order committing him to detention, Scott contends that the evidence was insufficient to

1. 18 Pa.C.S. § 3925.
2. 18 Pa.C.S. § 3928.
3. 18 Pa.C.S. § 903.

show that he ever had possession or control of the stolen vehicle or that he knew the vehicle to be stolen. Although these issues are interesting, we conclude that the evidence was sufficient to support the juvenile court's finding.

In reviewing a challenge to the sufficiency of the evidence, we view all evidence received at the adjudicatory hearing, as well as all reasonable inferences therefrom, in the light most favorable to the Commonwealth. We then determine whether "the trier of fact could have found that each element of the offense[ ] charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984). See also: *Commonwealth v. Stark*, 363 Pa.Super. 356, 526 A.2d 383 (1987); *Commonwealth v. Quarles*, 361 Pa.Super. 272, 522 A.2d 579 (1987); *In the Interest of LaMore*, 356 Pa.Super. 322, 514 A.2d 633 (1986).

On November 15, 1988, at or about 7:50 p.m., Philadelphia Police Officer Stanley Panikowski observed a 1982 Buick Regal pass his unmarked car at a high rate of speed. He and his partner followed the Buick vehicle as it violated a stop sign and struck two parked vehicles. When the police vehicle was about a car length away, the driver and a passenger in the Buick leaped from the vehicle and fled in different directions. Panikowski pursued the passenger as he ran down an alley. Although conceding that he lost sight of the person whom he was pursuing, Panikowski testified that moments later he observed the passenger walking toward him. Panikowski apprehended the male passenger, who was identified as Andre Scott, and returned him to the scene of the accident. The Buick was then found to have been stolen less than twelve (12) hours earlier. The steering column had been broken. Scott testified in his own behalf that he had not been a passenger in the Buick and had not been the person who had run therefrom. The hearing court expressly rejected appellant's explanation.

To convict appellant of theft by receiving stolen property, the Commonwealth was required to prove beyond

a reasonable doubt that the car had been stolen, that appellant had been in possession of it, and that he had known or had reason to know it was stolen. See: 18 Pa.C.S. § 3925; *Commonwealth v. Deemer,* 316 Pa.Super. 28, 32, 462 A.2d 776, 778 (1983). See also: *Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978); *Commonwealth v. Jerry,* 323 Pa.Super. 299, 470 A.2d 601 (1983); *Commonwealth v. Grabowski,* 306 Pa.Super. 483, 452 A.2d 827 (1982). Similarly, to convict on a charge of unauthorized use of an automobile, the Commonwealth was required to prove that appellant had been operating a vehicle without the owner's consent and that appellant then knew or had reason to know that he lacked permission of the owner to operate the vehicle. *Commonwealth v. Randall,* 287 Pa.Super. 479, 482, 430 A.2d 991, 993 (1981).

In the instant case, there was no evidence that appellant had been driving the stolen vehicle. The Commonwealth, therefore, contended that the juvenile had been in joint or constructive possession of the stolen automobile. This required proof that appellant had exercised conscious control or dominion over the Buick automobile. *Commonwealth v. Scudder,* 490 Pa. 415, 419 n. 2, 416 A.2d 1003, 1006 n. 2 (1980). Such control or dominion may be established by circumstantial evidence; however, mere suspicion or conjecture will not suffice. See: *Commonwealth v. Roscioli,* 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Frey,* 264 Pa.Super. 212, 215, 399 A.2d 742, 743 (1979); *Commonwealth v. Manson,* 230 Pa.Super. 527, 530, 327 A.2d 182, 183 (1974). Mere presence at the scene of a crime in the company of the perpetrator is not sufficient to sustain a conviction. See: *Commonwealth v. Roscioli, supra* 454 Pa. at 63–64, 309 A.2d at 399; *In re Amos,* 287 Pa.Super. 446, 449, 430 A.2d 688, 690 (1981). The exercise of conscious dominion or control over a vehicle is not established merely by showing that a suspect has been a passenger in a stolen vehicle. See: *Commonwealth v. Scudder, supra,* 490 Pa. at 419, 416 A.2d at 1005, citing

*Commonwealth v. Armstead,* 452 Pa. 49, 305 A.2d 1 (1973); *Commonwealth v. Taylor,* 69 Pa.D.& C.2d 748 (1974).

In *Commonwealth v. Murray,* 246 Pa.Super. 422, 371 A.2d 910 (1977), police spotted a vehicle fitting the description of a car reported stolen and gave chase to the speeding vehicle. The vehicle suddenly stopped in the middle of the block, and the two occupants fled. A police officer pursued the defendant on foot and followed him into a bar, where he found defendant seated on a bar stool. An examination of the vehicle confirmed that it was the stolen car. There were no keys in the ignition, and the ignition wires were hanging down under the dashboard. The Commonwealth was unable to prove that the defendant had been the driver of the stolen automobile. In response to an argument that this inability constituted a fatal deficiency in the Commonwealth's case, the Court said:

> As to the matter of possession, we do not believe that Officer Mumper's inability to state that appellant was actually driving the stolen vehicle is fatal to the Commonwealth's case. Under the circumstances, the trier of fact found that appellant was either driving or riding in a vehicle that he knew was stolen. This, coupled with the attempted escape along with his companion, was sufficient basis for the fact finder to apply the doctrine of joint possession, which is appropriate when the "... totality of the circumstances justify a finding that all of the occupants of the vehicle were acting in concert...." *Commonwealth v. Shaffer,* 447 Pa. 91, 105, 288 A.2d 727, 735, *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972). Under this doctrine, it is immaterial that appellant may not have been behind the wheel of the stolen vehicle. We are satisfied that the evidence supports conviction of receiving stolen goods beyond a reasonable doubt.

*Id.,* 246 Pa.Superior Ct. at 428–429, 371 A.2d at 913. The facts of this case are similar to the facts in the instant case.

The facts were different in *Commonwealth v. Scudder, supra.* There, in response to a call by the owner of a stolen

van, police chased the van for three miles, during which the driver refused to heed directions to stop. The van was stopped only when it came upon a roadblock set up by the police. Scudder, a passenger in the van, was tried by jury and found guilty of theft by receiving stolen property. The Supreme Court reversed, holding that the evidence was insufficient to show that the appellant had known the vehicle to be stolen or that he had exercised conscious control or dominion over the vehicle. In *Scudder*, however, there was no evidence that the appellant had attempted to flee. Although the driver of the stolen van had attempted to elude the police, this fact, without more, did not permit an inference adverse to the passenger. The Court said:

> Nor does the fact that the operator attempted to flee provide a basis for such an inference, without some showing that the passenger directed, encouraged or consented to the actions of the operator in this regard. The inference of guilt arising from flight may not be imputed to a passenger unless there is some evidence to indicate that the passenger concurred in the judgment to flee.

*Id.*, 490 Pa. at 419–420, 416 A.2d at 1006 (1980).

■ *Scudder* and *Murray*, therefore, can be reconciled on their facts. They teach that where a defendant, who is a passenger in a stolen vehicle, flees from approaching police, an inference of guilt may be drawn from the fact of flight to avoid arrest. This principle is not contrary to the decision in *Waldron Appeal*, 237 Pa.Super. 298, 353 A.2d 43 (1975). There, a majority of the Court suggested that it was the driver, not the passenger, who had fled from police in the stolen vehicle. Although the passenger had fled also after the occurrence of an accident, the majority was influenced by testimony that the driver had told the passenger that the car was stolen only after the accident had occurred. Therefore, a majority of the Court concluded, the "fact that appellant fled after the accident [did] not establish that he knew prior to the accident that the vehicle had been stolen."

In the instant case, appellant's flight was unexplained. *Murray* holds and *Scudder* suggests by dictum that where a passenger in a stolen vehicle flees for the purpose of

avoiding arrest, a fact finder may infer therefrom the dominion and guilty knowledge necessary to convict. These are the facts of the instant case. We conclude, therefore, that the evidence was sufficient to support the juvenile court's adjudication.

Order affirmed.