## Commonwealth v. Butler

*Jacqueline L. Russell, assistant district attorney,* for the commonwealth.

*Thomas J. Pellish,* for defendant.

RUBRIGHT, *J.,* July 13, 1990 — This matter is presently before the court on a petition for writ of habeas corpus in which defendant seeks dismissal of the charges against him on the grounds that the commonwealth did not establish a prima facie case at the preliminary hearing. Counsel have entered the following stipulation of facts in order to aid the court in its disposition of the matter: On or about January 29, 1990, defendant was arrested and charged with unauthorized use of a motor vehicle, 18 Pa.C.S. §3928, based upon a private complaint filed by David L. Wolfe. The incident took place on January 19, 1990, when David L. Wolfe drove a 1987 Pontiac Coupe to his wife's residence with the intention of picking up his son for visitation. At that time, Mildred Wolfe asked defendant to move the car because she was going to take possession of it pending the outcome of the Wolfes' divorce. The vehicle was purchased by David and Mildred Wolfe on February 23, 1988, although it was titled only in the name of David Wolfe. At the time of the alleged offense, the vehicle was a disputed item of marital property in the Wolfes' pending divorce action. As a result of defendant's having moved the vehicle, he is charged with the instant offense.

In order for the court to properly issue a writ of habeas corpus, it must find that the prosecution failed to establish a prima facie case at the preliminary hearing. The commonwealth bears the burden of establishing, at least prima facie, that a crime has been committed and the accused is the one who committed it. *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983). In order to sustain this

burden, the commonwealth need not produce evidence of such character and quantum of proof as to require a finding by a jury of the accused's guilt beyond a reasonable doubt. However, the evidence must be such as to present sufficient probable cause to believe that the accused has committed the offenses charged. The evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. *Commonwealth ex rel. Scolio v. Hess,* 149 Pa. Super. 371, 27 A.2d 705 (1942).

Section 3928 of the Crimes Code, 18 Pa.C.S. §3928, provides:

"A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor propelled vehicle of another without consent of the owner."

In order to establish a violation of that section, the commonwealth must show that defendant operated a vehicle without the owner's consent and that defendant then knew or had reason to know that he lacked permission of the owner to operate the vehicle. *In the Interest of Scott,* 388 Pa. Super. 550, 566 A.2d 266 (1989).

In the instant case, although it is undisputed that the vehicle was titled solely in the name of David L. Wolfe, it is also undisputed that the vehicle was an item of marital property which had been purchased by the Wolfes jointly and its disposition was being contested in the pending divorce action. Defendant was asked by Mildred Wolfe to move the vehicle. Under the circumstances, the commonwealth did not establish that defendant knew or had reason to know that he lacked the owner's permission to operate the vehicle. Although we do not condone

defendant's actions, it has not been established that he committed a crime.

Accordingly, we enter the following

### ORDER OF COURT

And now, July 13, 1990, it is hereby ordered that defendant's petition for writ of habeas corpus is granted and the charge of unauthorized use of an automobile shall be dismissed.