**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL L PEAK | : | |
| | : | |
| Appellant | : | No. 351 WDA 2025 |

Appeal from the Judgment of Sentence Entered February 27, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003026-2024

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED: DECEMBER 3, 2025**

Appellant, Darnell L. Peak, appeals from the judgment of sentence entered by the Court of Common of Pleas of Allegheny County after he waived a jury and the trial court found him guilty of theft by receiving stolen property, evading arrest or detention on foot, and fleeing or attempting to elude a police officer.[1]  On direct review, Appellant raises two challenges to the sufficiency of the evidence sustaining his theft by receiving stolen property conviction. Upon careful review, we vacate the theft by receiving stolen property conviction and vacate, without a need for further proceedings, the portion of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3925(a) and 5104.2(a), and 75 Pa.C.S. § 3733(a), respectively.

judgment of sentence addressing the theft by receiving stolen property conviction at count 1 of the trial court's sentencing order.

On April 12, 2024, Sergeant Jason Cyprowski of the Wilkins Township Police Department attempted to conduct a traffic stop of a red Kia sedan because the "West Virginia registration on that vehicle … came back to a Lincoln" vehicle. *Habeas* Hearing/Trial, 2/27/25, 26. After Sergeant Cyprowski moved behind the Kia sedan and activated the lights and sirens on his marked police vehicle, the Kia "took off" on Brown Avenue toward Turtle Creek Borough in Allegheny County. ***Id.*** at 26-27, 37. The driver of the Kia then engaged in careless and reckless driving in a car chase during which the Kia and the responding patrol car traveled at least 65 miles per hour in an area with a posted speed limit of 35 miles per hour. ***See id.*** at 28-29. Within a minute of the start of the chase, the driver of the Kia pulled the sedan into a grassy, muddy, "field-like" area under a train trestle and fled on foot. ***Id.*** at 27, 50. Officer Cyprowski and other responding officers set up a perimeter at that location and other officers, including Officer Alexander Appleby took the driver, Appellant, into custody. ***Id.*** at 27-28, 50-53. During the foot pursuit, Officer Appleby commanded Appellant to stop, while the officer followed him with a drawn taser. Appellant ignored the officer and continued fleeing down a hillside before Officer Appleby and another officer together took him into custody without further incident. ***See id.*** at 51-53.

On January 21, 2025, Appellant filed a counseled petition for writ of *habeas corpus*, alleging, *inter alia*, that the Commonwealth only demonstrated

the "stolen status of the vehicle" through hearsay and thus it failed to establish a *prima facie* case for the theft by receiving stolen property charge. **See** Petition for Writ of *Habeas Corpus*, 1/21/25, ¶¶ 20-24, 33-34. On February 27, 2025, the trial court presided over a hearing on the *habeas corpus* petition, and the Commonwealth presented testimony from Sergeant Cyprowski and Officer Appleby, that was consistent with the above-stated factual summary. **See** *Habeas* Hearing/Trial, 2/27/25, 24-53.

At the *habeas corpus* hearing, Sergeant Cyprowski testified that the Kia sedan was not owned by Appellant. **See** *Habeas* Hearing/Trial, 2/27/25, 28. He determined that "[b]y running the VIN number" for the car. **Id.** at 30. He testified that he stayed with the Kia sedan after Appellant fled and saw that the steering wheel of the car was broken such that it was "[t]orn apart where you can see the inner workings of where the key would go." **Id.** at 33.

The trial court granted the *habeas corpus* petition with respect to additional charges for resisting arrest and a higher-graded count for fleeing or attempting to elude a police officer, but denied it with respect to the above-referenced offenses. **See** *Habeas* Hearing/Trial, 2/27/25, 64-65. Appellant thereafter waived his right to a jury trial. **See id.** at 65-70. The Commonwealth expressed an interest in seeking a continuance to consult with a witness with respect to the theft charge, **see id.** at 71 (Prosecutor: "I would need some time with my Affiant … I would like to see if I can get my witness here to the extent of relating to Count 1, which is the receiving stolen property"), but agreed to proceed with a non-jury trial after the court stated

its interest in proceeding without delay. *See id.* (Trial Court: "Today is the date, now is the time. The case is scheduled for today. Are you going jury or nonjury?" Prosecutor: "In that case, I would have to go nonjury.").

Prior to the trial court conducting a colloquy with Appellant to ascertain the voluntariness of his jury trial waiver, Appellant's counsel stated, "We're also willing to allow the [c]ourt to consider the testimony and evidence heard at the [*habeas corpus* hearing] as evidence for purposes of the nonjury trial. I would note all the hearsay objections be taken into account by the Judge." *Habeas* Hearing/Trial, 2/27/25, 65. The parties subsequently agreed that the trial record would include the testimony heard at the *habeas corpus* hearing and Appellant's preliminary hearing. *Id.* at 72-73. The Commonwealth and the defense both declined to proceed with additional live or stipulated testimony. *See id.* at 73-77. After hearing arguments from the parties, the court found Appellant guilty of the above-referenced offenses and found him not guilty of reckless driving.[2] *See id.* at 82.

On the same day as the non-jury trial, Appellant agreed to proceed with sentencing. *See Habeas* Hearing/Trial, 2/27/25, 83. The court imposed concurrent terms of eighteen months' probation. *See* Order (sentencing), 2/27/25, 1-2; *Habeas* Hearing/Trial, 2/27/25, 96-97. Appellant did not file any post-sentence motions. On March 27, 2025, Appellant timely filed a counseled notice of appeal. *See* Notice of Appeal, 3/27/25. Trial counsel

---

[2] 75 Pa.C.S. § 3736(a).

subsequently requested and was granted leave to withdraw from representation of Appellant. ***See*** Motion to Withdraw as Counsel, 3/31/25; Order (counsel withdrawal), 4/9/25, 1. Present counsel was appointed and, with leave of court, timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). ***See*** Order (Rule 1925(b)), 4/1/25, 1; Order (counsel appointment), 4/9/25, 1; Rule 1925(b) Statement, 5/22/25, 1-2; Motion to Accept Rule 1925(b) Statement, 5/27/25, 1-5; Order (*nunc pro tunc* acceptance of Rule 1925(b) statement), 6/2/25, 1. The trial court satisfied its obligations under Rule 1925. ***See*** Trial Court Opinion, 6/3/25, 1-4.

Appellant presents the following questions for our review:

1.    Did the Commonwealth fail to produce sufficient, competent evidence to establish the character or status of the property at issue as "stolen[?"]

2.    Was the Commonwealth's evidence insufficient to prove beyond a reasonable doubt the requisite *mens rea* that [Appellant] knew or believed that the property had probably been stolen?

Appellant's Brief, 4 (suggested answers omitted).

Appellant raises two challenges to the sufficiency of the evidence sustaining his theft by receiving stolen property conviction. In his first issue, he alleges that the evidence failed to "establish the character or status" of the Kia sedan as "stolen." Appellant's Brief, 15-25. In his second issue, he asserts that the evidence failed to demonstrate that he possessed the Kia sedan with knowledge or belief that it had been stolen. ***See id.*** at 25-33.

"Evidentiary sufficiency is a question of law and therefore, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Muhammad***, 335 A.3d 1047, 1051 (Pa. 2025) (citation omitted). We employ the following well-settled standard of review when analyzing claims challenging the sufficiency of the evidence:

> the standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Marberger***, --- A.3d ----, 2025 WL 2434640, *4 (Pa. Super. 2025) (citation omitted; brackets in original).

Theft by receiving stolen property is defined as occurring when a person "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a). The Commonwealth, while seeking a

conviction for theft by receiving stolen property, bears the burden of proving, beyond a reasonable doubt, that: (1) the property was stolen; (2) the defendant was in possession of the property; and (3) the defendant knew that the property was stolen or had reason to believe that the property was stolen. *See Commonwealth v. Matthews*, 632 A.2d 570, 572 (Pa. Super. 1993).

In his first issue, Appellant asserts that the evidence failed to prove that the Kia sedan had been stolen. *See* Appellant's Brief, 15-25. He notes that the owner of the sedan never testified in court that the car had been stolen, either at the *habeas corpus* hearing or his preliminary hearing, and that no properly authenticated records from any law enforcement database corroborated that the car had been stolen. *See id.* at 17, 20, 24. He also asserts that the only evidence establishing that the car was stolen included hearsay statements in Sergeant Cyprowski's *habeas corpus* testimony "which was stipulated into the trial record."[3] *Id.* at 17. He argues that "hearsay

_____

[3] The testimony he refers to as hearsay is the following response by Sergeant Cyprowski:

> Q. And I want to take you back to the vehicle itself. You stated that this was not determined to be owned by the defendant?
>
> A. Correct.
>
> Q. How did you know this?
>
> A. By running the VIN number.

N.T. *Habeas* Hearing/Trial, 2/27/25, 30.

cannot be considered to establish the stolen character of the property in question." *Id.* He reasons that the hearsay testimony establishing the stolen status of the car could not be considered on sufficiency review because his counsel objected to the testimony as hearsay at the *habeas corpus* hearing. *See id.* at 19, *citing* N.T. *Habeas* Hearing/Trial, 2/27/25, 31 (Defense Counsel: "You're Honor, I'm going to object as hearsay. The officer is reading from a report. It's an out-of-court statement used for the truth of the matter asserted."). Although the trial court overruled that objection, Appellant alleges that the *habeas* court "misapprehended the relevant facts," *i.e.*, the court permitted the officer to testify as to what he learned when he "ran the plate" of the car but relaying his findings from the VIN number check, which supposedly established the stolen status of the car, was hearsay. *Id.* at 20 n.2.

Appellant also asserts that the circumstantial evidence was "similarly insufficient" to prove that the Kia had been stolen. Appellant's Brief, 22. He asserts that an improper registration for the car "does not automatically and necessarily render the vehicle stolen." *Id.* at 23. Moreover, he alleges that the evidence of damage to the car's steering column "does not necessarily require an inference that the vehicle is stolen, especially when there is no testimony from the owner that the vehicle was stolen." *Id.* He also suggests that the testimony about damage to the car's steering column could not permit an inference that the car was stolen because "[t]here was no testimony that

ignition wires were pulled down or that [he] did not possess the keys to the vehicle." *Id.*

Here, Appellant concedes that Sergeant Cyprowski "learned [the vehicle] was allegedly stolen by running the vehicle's VIN [number], because the license plate on the vehicle belonged to a different vehicle." Appellant's Brief, 20 n.2. He characterizes the proof of the car's stolen status as reliance "on hearsay in the form of the VIN [number] check," *id.*, and then largely focuses his argument on trying to convince this Court that we should review his sufficiency claim on a diminished record by rejecting the sergeant's reference to the VIN number check as inadmissible hearsay. We reject Appellant's arguments that we should disregard the testimony about the VIN number check but nevertheless agree that he is entitled to relief on this claim because the evidentiary record from the *habeas corpus* hearing, that was incorporated into the trial record, does not include sufficient evidentiary support that the car had been reported as stolen at the time that Appellant drove it.[4]

This Court is required to consider hearsay on sufficiency review if it was included in a trial record and not excluded by a ruling of the trial court in the

_____

[4] While the testimony from Appellant's preliminary hearing also was made part of the trial record, neither party addresses the content of that hearing in their briefs and the notes of testimony from that hearing have not been included in the certified record. As neither party meaningfully addresses the preliminary hearing testimony, we decline to find waiver based on Appellant's failure to include the notes of testimony from that hearing in the record certified for this appeal.

first instance. "[I]n evaluating the sufficiency of the evidence, we do not review a diminished record. Rather, the law is clear that we are required to consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings are correct." **Commonwealth v. Gray**, 867 A.2d 560, 567 (Pa. Super. 2005) (quoting **Commonwealth v. Palmer**, 751 A.2d 223, 227 (Pa. Super. 2000)).

Based on our review, the testimony about Sergeant Cyprowski "running the VIN number" of the Kia sedan is undoubtedly part of the record that we must consider on sufficiency review. First, to the extent that the police testimony included inadmissible hearsay, Appellant raised no contemporaneous hearsay objection to that testimony when it was uttered at the *habeas corpus* hearing:

> Q. And I want to take you back to the vehicle itself. You stated that this was not determined to be owned by the defendant?
>
> A. Correct.
>
> Q. How did you know this?
>
> A. By running the VIN number.
>
>     [DEFENSE COUNSEL]: Can you repeat that? I'm sorry.
>
>     THE WITNESS: By running the VIN number.
>
> BY [THE PROSECUTOR]:
>
> Q. Were you able to determine who owned the vehicle?
>
> A. Yes.

Q. Okay. Can you tell the Court about that?

A. So, to refer my recollection of --

N.T. *Habeas* Hearing/Trial, 2/27/25, 30-31. Since that testimony was later adopted as part of the trial record, the failure to raise a contemporaneous hearsay objection waived any issue as to its introduction into the evidentiary record. ***See Commonwealth v. Badman***, 580 A.2d 1367, 1370 (Pa. Super. 1990) (Badman waived issue concerning introduction into evidence of statements made by a victim where there was no contemporaneous objection at trial). Appellant subsequently raised a hearsay objection when the Commonwealth began to ask the sergeant about the content of his police report, but that delayed objection did not preclude the introduction into the evidentiary record of the sergeant's testimony about "running the VIN number" and learning that Appellant was not the owner of the Kia based on the VIN number check. ***See*** N.T. *Habeas* Hearing/Trial, 2/27/25, 31.

Second, the testimony about the sergeant "running the VIN number" was stipulated into the trial record. After the conclusion of the *habeas corpus* hearing, Appellant's counsel initially stated an intent to have all objected-to hearsay testimony excluded from the trial record:

> [DEFENSE COUNSEL]: My client will waive his right to testify, waive his right to a jury trial. We're also willing to allow the [c]ourt to consider the testimony and evidence heard at the [*habeas corpus* hearing] as evidence for purposes of the nonjury trial. I would note all the hearsay objections be taken into account by the Judge.

- 11 -

N.T. *Habeas* Hearing/Trial, 2/27/25, 65. When it came time for the actual stipulation concerning the construction of the evidentiary record for the trial, however, there was no stated agreement excluding hearsay evidence:

> [DEFENSE COUNSEL]: We will stipulate, Your Honor, to the evidence that was presented.
>
> THE COURT: All right. Therefore, there is a stipulation as to the testimony presented today by the officers, and there's a stipulation as to the transcript from the preliminary hearing, correct?
>
> [DEFENSE COUNSEL]: Correct.
>
> [THE PROSECUTOR]: Yes, Your Honor.
>
> THE COURT: All so stipulated?
>
> [THE PROSECUTOR]: Yes, Your Honor, so stipulated.

*Id.* at 73. Without timely objections at the *habeas corpus* hearing to the testimony about the VIN number check and no agreement to exclude hearsay that was not otherwise ruled inadmissible at the *habeas corpus* hearing, the sergeant's testimony about "running the VIN number" was part of the trial evidence. *See Commonwealth v. Farquharson*, 354 A.2d 545, 552 (Pa. 1976) ("Where evidence, incompetent as hearsay, is admitted without objection it may be given its natural probative effect as if it was in law admissible."); *see, e.g., Commonwealth v. Foreman*, 797 A.2d 1005, 1012 (Pa. Super. 2002) ("Although Detective Hughes relied on some hearsay statements from police reports to confirm that property found at [Foreman's] business had been reported stolen, defense counsel never raised a hearsay

objection. Thus, the trial court was free to believe all, part, or none of Detective Hughes's testimony.").

Viewing the record, including the *habeas corpus* testimony about the VIN number check, and drawing all reasonable inferences from that evidence in the light most favorable to the Commonwealth, the evidence is insufficient to prove the necessary element that the Kia sedan was stolen. There was no testimony about who the actual owner of the car was and whether they had reported the car as stolen either prior to or following Appellant's observed use of the car. Sergeant Cyprowski's testimony about "running the VIN number" on the car only led to additional testimony from the sergeant attesting that Appellant was not owner of the car. That Appellant was not the owner of car and had been using it did not independently establish or lead to an inference that the car was stolen prior to Appellant's observed use of it.

In its brief, the Commonwealth attempts to establish that the Kia sedan was stolen by pointing out the following factors: (1) Appellant fled from police when confronted by them in the car; (2) the registration for the car "belonged to a Lincoln vehicle rather than to a Kia vehicle;" (3) Sergeant Cyprowski determined, based on the car's VIN number, that someone other than Appellant was the car's owner; and (4) the steering wheel of the Kia was "broken" and "torn apart" such that "you c[ould] see the inner workings of where the key could go." Appellee's Brief, 31-32. These factors are relevant for the *mens rea* element for theft by receiving stolen property, whether Appellant knew or had reason to believe that the car was stolen, assuming

that there was evidence that the car was stolen, but – even considered together – they did not demonstrate that the car was stolen prior to Appellant's use of it. **Cf. Commonwealth v. Phillips**, 392 A.2d 708, 709 (Pa. Super. 1978) ("If, from circumstantial evidence, it can be inferred that the accused had reasonable cause to know that the property was stolen, a final inference can be made that the accused in fact knew that the property was stolen.").

That the vehicle was not properly registered and was owned by someone other than Appellant did not necessarily establish or reasonably suggest that the vehicle was reported as stolen at the time of Appellant's use of the car or that Appellant was using it without the owner's consent. Appellant's own belief that the car was stolen does not rise to proof beyond a reasonable doubt that it was stolen. Even taking an inference of guilt from Appellant's flight in and from the vehicle does not make the evidence sufficient to prove the car was stolen, only that Appellant may have believed it was stolen. Here, however, there was no evidentiary support establishing that the car was stolen.

Damage to a vehicle that allows a car thief or someone in possession of a stolen car to operate it without the owner's key could offer evidentiary support for showing that a car has been stolen. In this case, however, the generic descriptions of the steering wheel of the Kia being "broken" and "torn apart," such that you could "see the inner workings of where the key could go" to operate the car, N.T. *Habeas* Hearing/Trial, 2/27/25, did not suggest whether the observed damage allowed for, or was related to, operation of the

vehicle without a key or a key fob. More importantly, it did not establish that the car was being operated by Appellant within a short time *after* it had been stolen which could support an inference that Appellant had stolen the car. *See Commonwealth v. Robinson*, 128 A.3d 261, 267 (Pa. Super. 2015) (explaining the inference of guilty knowledge from recency of theft to possession by the defendant and how it varies based on the strength of the inference); *Commonwealth v. Murray*, 371 A.2d 910, 912-13 (Pa. Super. 1977) (evidence of "pulled down" ignition wires treated as support for "guilty knowledge" element for receiving stolen property). In fact, there was no testimony concerning when the car was stolen at all. There also was no evidence of whether a key or key fob was needed to operate the car.[5]

The Commonwealth cites *Murray* and *In the Interest of Scott*, 566 A.2d 266 (Pa. Super. 1989), in support of its argument that the evidence was sufficient to prove that the Kia was stolen, but that reliance is inapposite. *See* Appellee's Brief, 34-35. In both cases, the stolen status of the vehicles at issue were not in dispute. In *Murray*, the car owner reported that his car was stolen more than two hours before a police officer spotted the car being driven. *See Murray*, 371 A.2d at 911. In *Scott*, we noted that the car in question

---

[5] Beyond the limited description of the damage to the Kia's steering wheel, the closest the evidence in the record gets to establishing whether a key was required to operate the Kia sedan is the following incomplete answer made in response to a question as to whether "there was any augmentations made to the vehicle:" "Yes, the steering wheel, where the key is --." N.T. *Habeas* Hearing/Trial, 2/27/25, 33.

was "found to have been stolen less than twelve (12) hours earlier" than when a police officer observed it to be speeding and then involved in a collision with parked cars. *Scott*, 566 A.2d at 267. In neither case did we cite damage to the cars as proof that the cars in question were stolen. In *Murray*, we treated the existence of "pulled down" ignition wires as proof of the "guilty knowledge" element for receiving stolen property and, in *Scott*, we did not address steering column damage, beyond a reference in a factual recitation, before we made a conclusion as to the "guilty knowledge" element for theft by receiving stolen property based on the juvenile appellant's flight. *See Murray*, 371 A.2d at 913; *Scott*, 566 A.2d at 267, 269.

The Commonwealth similarly relies on a recent unpublished memorandum of this Court at *Interest of W.C.*, 2025 WL 1780501 (Pa. Super., filed June 27, 2025). *See* Appellee's Brief, 35. In *W.C.*, the car in question was reported as stolen "a day prior." *W.C.*, 2025 WL 1780501 at *1. The stolen status of the car in that case was not in dispute; the parties in that case stipulated that the complaining witness, who rented the car, did not know or give W.C. permission to the use the car. *Id.* In that case, as in *Scott* and *Murray*, which were cited in *W.C.*, we accepted evidence of a "completely damaged" steering and ignition column as supporting evidence for the "guilty knowledge" element for theft by receiving stolen property and not as proof the car was stolen. *See W.C.*, 2025 WL 1780501 at *3.

Absent testimony from the Kia's owner or other indicia as to a lack of consent for Appellant's use of the vehicle, the circumstantial evidence

presented does not sustain the "property was stolen" element for Appellant's theft by receiving stolen property conviction. Our prior analysis concerning steering wheel and ignition column damage in *Scott*, *Murray*, and *W.C.*, would be useful for reviewing Appellant's second issue presented concerning the sufficiency of the evidence for the "guilty knowledge" element for the theft by receiving stolen property conviction but it offers no support for our analysis of the sufficiency of the evidence for the "property was stolen" element. Additional testimony as to the nature of the steering column damage could have possibly changed the outcome of our review if the record had fleshed out the nature and extent of the observed damage and whether it allowed Appellant to operate the car without a necessary key or key fob. Based on the record before us, however, the evidence was insufficient. As we conclude that the evidence was insufficient for purposes of the "property was stolen" element, we need not address Appellant's second issue addressing the "guilty knowledge" element of theft by receiving stolen property.

Accordingly, we vacate Appellant's conviction for theft by receiving stolen property and vacate the portion of the judgment of sentence concerning the theft by receiving stolen property conviction at count 1 of the sentencing order. Because the vacation of the portion of the judgment of sentence addressing the theft by receiving stolen property conviction does not upset Appellant's overall sentencing scheme and Appellant does not challenge his other convictions for evading arrest or detention on foot and fleeing or

attempting to elude a police officer, we need not remand for further proceedings.[6]

Conviction and judgment of sentence vacated as to count 1. Convictions and judgment of sentence affirmed at all remaining counts. Jurisdiction relinquished.

Judge Nichols joins the memorandum.

PJE Panella notes dissent.

_____

[6] While we are vacating Appellant's eighteen-month probation term for theft by receiving stolen property, Appellant also received concurrent eighteen-month probation terms for his other two convictions. **See** Order (sentencing), 2/27/25, 1-2. In situations such as this, we may simply amend the sentencing order by vacating the conviction at issue and judgment of sentence as to count 1, without the need for additional action by the trial court:

> [W]here a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing or amending the sentence directly. [Because the sentences for the two convictions] run concurrently … the aggregate sentence is not changed by merging the sentences. As such, a remand is not necessary. Instead[,] we will vacate the concurrent sentence for [one of the convictions].

**Commonwealth v. Klein**, 795 A.2d 424, 430 (Pa. Super. 2002) (footnote omitted); **see also Commonwealth v. Thur**, 906 A.2d 552, 569-70 (Pa. Super. 2006) (holding if appellate court can vacate illegal sentence without upsetting sentencing scheme, it need not remand for resentencing). Thus, we need not remand this matter to the trial court for resentencing.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/3/2025</u>