J-A09010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE MITCHELL RILEY | : | |
| | : | |
| Appellant | : | No. 566 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 2, 2019
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001711-2018

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.:     **FILED: JUNE 12, 2023**

Lance Riley appeals *nunc pro tunc* from the judgment of sentence entered in the Franklin County Court of Common Pleas on October 2, 2019. On appeal, Riley challenges the sufficiency of the evidence supporting his conviction for receiving stolen property, contending the Commonwealth failed to prove all elements of the crime. After careful review, we affirm.

We previously reiterated the trial court's summarization of the factual history on review of Riley's initial direct appeal:

> [Edward Cornett] testified that on August 18, 2018, he resided in Chambersburg; and he was staying with a friend, Tyler Ewing. At that time, [Cornett] owned an AR-15 rifle. He testified that he had possession of the rifle on August 17, 2018, when he went to bed. He kept the rifle in a bag.
>
> The following morning, Ewing woke []Cornett, yelling that the bag and rifle were missing. Mr. Cornett had not given anyone permission to take the rifle. Mr. Cornett did not see anyone take the rifle.

[Erik Beamer] testified that on August 18, 2018, he knew [] Ewing through a mutual friend. [] Beamer went to Ewing's residence with his girlfriend. They went to Ewing's residence to "hang out and pretty much I guess we did some drugs." [] Beamer's drug of choice at this time was heroin.

[] Beamer testified that he stole a gun from Ewing's residence. [] Beamer testified that he "traded it for heroin" from [Riley]. He texted [Riley] that night to "trade the item that I [stole] for drugs."

The trade occurred on Queen Street in Chambersburg. In exchange for the rifle, [Riley] gave [] Beamer heroin and $100 cash. [Riley], [] Beamer, [] Beamer's girlfriend, and Dustin Kahn were present during the transaction. During [] Beamer's testimony, the Commonwealth played several video clips from the downtown Chambersburg surveillance cameras. These video clips tracked the movement of [] Beamer in the downtown area both before and after he stole the firearm.

The Commonwealth next presented the testimony of Kahn. [] Kahn was a co-defendant of [Riley], and had previously pled guilty to receiving stolen property for the firearm in question. [] Kahn initially testified that, after receiving the gun from [] Beamer, he "held it for a day and gave it back to him whenever he needed it back.

The Commonwealth next called Detective James Iverson to testify. Detective Iverson is a criminal investigator with the Chambersburg Police Department. [Detective] Iverson was involved with the arrest of [Riley], and noted that a vehicle matching the description of the one used in this case was present at the scene of [Riley]'s arrest.

The final witness for the Commonwealth was Detective Matthew Lynch from the Chambersburg Police Department; [Detective] Lynch was the investigating officer in this case. Based upon information [Detective] Lynch learned through the course of his investigation, he accessed the municipal surveillance cameras covering downtown Chambersburg. The surveillance video corroborated what [] Beamer and [] Kahn subsequently disclosed during their interviews with police.

*Commonwealth v. Riley*, 1974 MDA 2019 (Pa. Super. filed November 10, 2020) (unpublished memorandum) (citations omitted).

On June 24, 2019, following trial, a jury convicted Riley of one count each of receiving stolen property and delivery of a controlled substance. On October 2, 2019, the trial court sentenced Riley to an aggregate term of fifty four to two hundred and forty months' incarceration. Riley filed a *nunc pro tunc* post-sentence motion with permission from the court. The trial court subsequently denied the motion.

Riley filed a direct appeal challenging the sufficiency and weight of the evidence supporting his convictions, as well as his sentence. On November 10, 2020, this Court affirmed the judgment of sentence. Relevantly, this Court found that Riley had failed to preserve a claim regarding the sufficiency of the evidence because his actual argument was a challenge to the weight of the evidence, not its sufficiency.

Subsequently, Riley sought post-conviction relief in which he argued appellate counsel was ineffective for numerous reasons including failing to preserve a sufficiency of the evidence claim on direct appeal. An evidentiary hearing was held, after which the parties and the court agreed to reinstate Riley's right to appeal the sufficiency of the evidence *nunc pro tunc*. This timely appeal followed.

On appeal, Riley challenges the sufficiency of the evidence supporting his conviction for receiving stolen property. Specifically, Riley contends the

Commonwealth presented no evidence at trial to establish that he knew, or believed, that the gun at issue was stolen. The Commonwealth disagrees, arguing that it introduced circumstantial evidence that, when viewed in the light most favorable to the verdict winner, permitted the jury to infer that Riley possessed the requisite knowledge for a conviction of receiving stolen property.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. *See Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is not utterly incapable of supporting the necessary inferences. *See id*. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. *See Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004).

A person is guilty of receiving stolen property if "he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). The crime has three elements: (1) intentionally taking possession of another person's movable property; (2) knowing or believing that it has been stolen; and (3) an intent to deprive the rightful owner of her property permanently. **See Commonwealth v. Robinson**, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*).

Riley only challenges the sufficiency of the evidence to support the second element, i.e., whether he had knowledge or belief that the firearm was stolen. Regarding this element, this Court has provided the following analysis:

> Importantly, the Legislature expressly defined the required mental state as "knowing" or "believing." Because the Legislature excluded mental states such as recklessness, negligence, or naiveté about the stolen status of the property, those mental states are insufficient. This reasoning is consistent with the common recognition that penal statutes are to be strictly construed. Thus, courts may not hold that a less culpable mental state satisfies a criminal statute where the statute demands proof of the more culpable mental state.
>
> Accordingly, the Commonwealth had the burden to establish either that [the defendant] knew [the property] in question was stolen, or believed that it had probably been stolen. A person "knows" that goods are stolen if he is "aware" of that fact.

**Id**. (citations omitted).

As there is rarely direct proof that a defendant knew for a fact that property was stolen, guilty knowledge may be inferred from circumstantial

evidence. *Id*. Mere possession of stolen property is not sufficient, by itself, to justify an inference that the defendant knew the property was stolen. *See id*. at 267.

> Proof that the goods were recently stolen, however, may provide the jury with sufficient circumstantial evidence to support an inference of guilty knowledge, since the "circumstances of possession as presented by the Commonwealth" (the recency of the theft) suggest "an explanation for the possession" (that the accused was the thief []).

*Id*. Once the Commonwealth proves the recency of the thefts, the jury is free to infer that the defendant was the thief unless the defendant can offer a satisfactory alternative explanation for his possession of the stolen goods. *Id*. at 269-70.

Other circumstantial evidence that can support an inference of knowledge or belief that property is stolen includes the place or manner of the defendant's possession of the property, modifications to the property indicative of unlawful possession, conduct or statements made by the defendant, false accounts for possession of the property, the fact that the theft occurred near where the defendant has possession of the property, or an excessively discounted price for the property. *See id*. at 268.

When viewed in a light most favorable to the Commonwealth, as verdict winner, the record contains the following testimony: On the night of August 17, 2018, Edward Cornett was staying at his friend Tyler Ewing's apartment. That night, Erick Beamer and his girlfriend went to Ewing's apartment to hang

out and partake in heroin. On August 18, 2018, Cornett woke up to discover a rifle bag of his was stolen, including an AR-15 rifle.

After stealing the gun, Beamer texted Riley to exchange the stolen gun for heroin. Beamer and his girlfriend met up with Riley in a car driven by Riley. Riley was in the driver's seat and Dustin Kahn was in the passenger seat. Beamer showed Riley the gun and then handed the gun to Kahn after Riley gave Beamer the heroin. Kahn took the gun to a house that he and Riley were staying at and left it there. Kahn then returned to the car and Riley drove Beamer and his girlfriend to a local hotel and dropped them off.

The Commonwealth argues that the evidence was sufficient to establish Riley's guilty knowledge because:

> the jury heard evidence that [Riley] was in close proximity to where the theft of the firearm occurred, that after the transaction was complete, [] Kahn removed the firearm from the vehicle [Riley] was driving and placed the firearm in a residence, and the nature of the transaction itself was an exchange for illegal drugs.

Commonwealth's Brief, at 9.

We agree with Riley that the evidence was insufficient to prove that he knew the gun had been stolen. The gun was not discovered at the time of Riley's arrest. Riley made no statement, false or otherwise, as to the gun's provenance. While the Commonwealth proved recency of the theft, this factor is only relevant for supporting an inference that the defendant was the thief. Here, we know Riley is not the thief. It was Beamer who admitted to, and pleaded guilty to, stealing the gun.

- 7 -

However, while none of these reasons alone would be enough to support an inference of guilty knowledge, we find that a totality of the circumstances could support an inference that Riley believed the gun was probably stolen since it was used in an illegal exchange for drugs. When a firearm is bartered for narcotics, the seller of narcotics has good reason to believe the firearm is stolen. As such, while this is not evidence that Riley knew the AR-15 rifle was stolen, these circumstances are sufficient to enable a fact-finder to infer that a defendant believed that the firearms were probably stolen. **See Commonwealth v. Gomez**, 224 A.3d 1095, 1100 (Pa. Super 2019), *appeal denied*, 236 A.3d 1053 (Pa. 2020).

Accordingly, we conclude the Commonwealth presented sufficient evidence to allow the fact-finder to infer that Riley had guilty knowledge, believing that the gun he received in exchange for heroin was probably stolen. **See Robinson**, 128 A.3d at 268. Riley is due no relief on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023