J-S43011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN ERIC CLAYCOMB | : | |
| | : | |
| Appellant | : | No. 1501 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 2, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002355-2023

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 4, 2025**

Stephen Eric Claycomb appeals from the judgment of sentence of one year of probation imposed upon his convictions for theft by unlawful taking and receiving stolen property. We affirm.

By way of background, on the morning of Monday, January 30, 2023, the general foreman of Intren Electric, Matthew Watkins, noticed that aluminum wire had been taken from the company's recycling bin. Intren Electric acquired the wire after completing a job for Philadelphia Electric Company ("PECO"), and was obligated to return it to PECO for recycling. Mr. Watkins last saw the wire the previous Friday, coiled, taped, and stored inside the bin, which was located at the edge of their property and adjacent to railroad tracks. When he discovered that the wire was missing, Mr. Watkins recovered images taken by motion-activated trail cameras at the recycling bin

and at a dead-end driveway on the other side of the train tracks. The camera located by the bin caught two men approaching it at nighttime, and the other camera by the driveway captured a pickup truck in motion.

On the same day that Mr. Watkins noticed that the wire was missing, Appellant showed up at Reliable Auto, a scrap metal buyer, to sell wire. Appellant had sold material to this business in the past, and Francis Bianchini, an employee of Reliable Auto, was familiar with Appellant. A security camera at the business captured video and a still image of Appellant approaching Reliable Auto with coiled and taped wire in the bed of his Dodge Ram pickup truck. Although Appellant attempted to sell the wire, Reliable Auto refused to buy it.

Detective Edward Nitka of the Pottstown Police Department investigated this matter. He began by reaching out to local scrapyards, including Reliable Auto, to inquire if anyone attempted to sell the stolen material. When contacted, Mr. Bianchini told the detective that Appellant attempted to sell wire on January 30, and provided the surveillance footage. Detective Nitka then inspected Intren Electric's property and the surrounding area, namely the driveway beside the railroad tracks. Mr. Watkins also provided the detective with the images captured by the trail cameras. During his investigation, Detective Nitka took photographs of disturbed gravel leading from the railroad tracks to the driveway, showing footprints and indicating

that something large had been dragged. The surrounding gravel was otherwise untouched.

Based on Mr. Bianchini's identification of Appellant, Detective Nitka reached out to him for questioning. Appellant agreed to a recorded interview and began by explaining that he is a scrapper, and he typically collects material from dumpsters owned by AT&T. When Detective Nitka showed Appellant the photograph from Reliable Auto's surveillance, depicting Appellant in a pickup truck with wire in the bed, Appellant posited that he likely obtained that wire from the AT&T dumpsters, and he would have collected it alone. After the detective asked Appellant whether he knew anything about the theft at Intren Electric, he denied ever being at the business's property or the surrounding area. When Detective Nitka showed Appellant photographs taken by the trail cameras and the images of the disturbed gravel by the train tracks, Appellant stated that he received word from an acquaintance that there was abandoned wire on the railroad tracks next to Intren Electric, and he and a friend went to retrieve it. Appellant denied obtaining the wire from the recycling bin and claimed that someone must have dragged it from the bin and left it on the tracks.

After the interview, Appellant was arrested and charged with theft by unlawful taking and receiving stolen property. At the ensuing jury trial, Mr. Watkins, Mr. Bianchini, and Detective Nitka testified to the above facts. The Commonwealth introduced the images captured by the trail cameras at Intren

Electric, the surveillance footage and photograph from Reliable Auto, the pictures of the disturbed gravel, and the audio recording of Appellant's interview with Detective Nitka. During his testimony, Mr. Watkins identified the stolen wire in the bed of Appellant's truck from Reliable Auto's photograph. Detective Nitka was also able to classify the vehicle in the trail camera images as a Dodge Ram pickup truck. The jury convicted Appellant of both charges, and the trial court sentenced him to one year of probation.

Appellant filed a post-sentence motion arguing that the jury's verdict was against the weight of the evidence. The trial court denied the motion, and this timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, asserting that the jury did not have sufficient evidence to convict him, and the court authored a responsive Rule 1925(a) opinion. Appellant presents the following questions for our consideration:

> 1. Whether the verdicts on the charges of theft by unlawful taking and receiving stolen property . . . were against the weight of the evidence.
>
> 2. Whether the evidence was sufficient to prove beyond a reasonable doubt that the Appellant was guilty of theft by unlawful taking and receiving stolen property.

Appellant's brief at 4.

Appellant's first claim of error is that the weight of the evidence does not support his convictions. Although raised in his post-sentence motion, Appellant failed to include this issue in his Rule 1925(b) statement. *See Commonwealth v. Juray*, 275 A.3d 1037, 1047 (Pa.Super. 2022) ("Here,

while Appellant preserved the weight claim by raising it in a post-sentence motion, he has waived this issue for failing to properly preserve it in his concise statement."); Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the [1925(b) s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Accordingly, Appellant's weight issue is waived.

Appellant next assails the sufficiency of the evidence supporting his convictions. In a sufficiency challenge, this Court "must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense" beyond a reasonable doubt. ***Commonwealth v. Miyares***, 320 A.3d 740, 743 (Pa.Super. 2024) (cleaned up). The Commonwealth may prove every element of a crime "by utilizing only circumstantial evidence." ***Commonwealth v. Riley***, 302 A.3d 112, 115 (Pa.Super. 2023). Upon review, we may not substitute our judgment for that of the factfinder or reweigh the evidence. ***See Miyares***, 320 A.3d at 743.

Appellant was convicted of two theft charges, the first being theft by unlawful taking. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Appellant was also convicted of receiving stolen property, for which "a person is guilty . . . if he intentionally receives, retains, or disposes of moveable property of another knowing that it has been

stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

Appellant maintains that he was never identified as the individual in the images obtained from Intren Electric's trail cameras, and the truck in those photos was not proven to be his. *See* Appellant's brief at 14. He further argues that the wire in the bed of his truck, as seen in the video and photograph taken by Reliable Auto, was not confirmed to be the stolen wire. *Id*. He contends that "someone else could have taken the wire and left it on the railroad tracks[,]" which Detective Nitka conceded was possible, and that the Commonwealth did not prove that he knew or should have known that the wire was stolen. *Id*. at 14-15.

The trial court reasoned in its Rule 1925(a) opinion that there was ample evidence for the jury to conclude that Appellant was guilty of both charges beyond a reasonable doubt given the trail camera images, Reliable Auto's surveillance footage, the credible testimony of Mr. Watkins, Mr. Bianchini, and Detective Nitka, and Appellant's inconsistent answers during his recorded interview. *See* Trial Court Opinion, 7/9/24, at 6-7. The court summarized that "all this circumstantial evidence was sufficient for the jury to identify Appellant as the perpetrator of the crimes," and "the fact that the wire stolen from Intren Electric could not be definitively determined to be the wire in his truck is not fatal to his convictions." *Id*. (cleaned up).

- 6 -

We agree with the trial court's assessment. Reliable Auto's surveillance video and photograph depicted Appellant arriving in a Dodge Ram pickup truck to sell coiled and taped wire on January 30. *See* Commonwealth's Exhibits C-2, C-3. From that photographic evidence, Mr. Watkins was able to identify the stolen wire. *See* N.T. Jury Trial, 1/31/24, at 35-37. Mr. Bianchini also testified that Appellant attempted to sell wire at Reliable Auto on the same day of the theft, and this was the same wire that Detective Nitka was investigating. *Id*. at 44, 50. The detective further identified Appellant's truck from Intren Electric's trail camera images. *Id*. at 54. The jurors reviewed the photographic exhibits themselves and were within their province to identify Appellant and use circumstantial evidence to link him to the theft of the wire. *See Riley*, 302 A.3d at 115. The audio-recorded interview with Detective Nitka was also presented to the jury, wherein Appellant changed his story as he was presented with photographs that placed him at the scene of the crime. *See* N.T. Jury Trial, 1/31/24, at 64-66. Although Appellant did not admit to removing the wire from the victim's property, he stated to Detective Nitka that he believed someone took the wire from the recycling bin and left it on the train tracks, providing evidence for the notion that he knew the wire was stolen. Accordingly, Appellant's sufficiency arguments lack merit.

In light of the foregoing, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/4/2025