J-S38033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.J., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: D.J., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3223 EDA 2024 |

Appeal from the Order Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-JV-0001024-2024

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 30, 2026**

Appellant, D.J., a minor, appeals from the dispositional order entered on September 13, 2024. Herein, Appellant challenges the sufficiency of the evidence to sustain his delinquency adjudications for the offenses of conspiracy, receiving stolen property, unauthorized use of a motor vehicle, and accidents involving damage to an unattended vehicle or property.[1] The Commonwealth concedes that the adjudication for accidents involving damage to an unattended vehicle or property must be reversed. After careful review, we agree with the Commonwealth. Therefore, we reverse the dispositional order in part, and affirm in part.

---

[1] 18 Pa.C.S. §§ 903, 3925(a), 3928(a), and 3745(a), respectively. Appellant also was adjudicated delinquent for evading arrest or detention on foot, 18 Pa.C.S. § 5104.2(a), but he has not challenged this adjudication on appeal.

We discuss the facts of Appellant's case in detail, *infra*. Procedurally, we note that the dispositional order in this case was filed on September 13, 2024. At that time, Appellant was placed on probation and ordered to comply with various conditions, including the payment of restitution. Appellant filed a timely post-dispositional motion on September 23, 2024. The juvenile court did not rule on this motion, and it was denied by operation of law. However, the order denying Appellant's post-dispositional motion was not entered until November 8, 2024, and Appellant filed a timely notice of appeal on December 5, 2024. **See** Pa.R.J.C.P. 620(B)(2) (providing that, when a timely post-dispositional motion is filed, a notice of appeal will also be considered as timely if filed within 30 days of the order deciding the motion or denying it by operation of law).[2]

Appellant raises the following four issues in his brief to this Court:

A. Whether the evidence is insufficient to establish that … Appellant committed the offense of receiving stolen property (18 Pa.C.S. § 3925) beyond a reasonable doubt[,] as the Commonwealth failed to prove that … Appellant intentionally

---

[2] Under the Rules of Juvenile Court Procedure, once a post-dispositional motion is filed, the juvenile court judge shall decide the motion "as soon as possible but within thirty days of the filing of the motion." Pa.R.J.C.P. 620(D)(1). If the juvenile court does not decide the motion within 30 days, the motion is deemed denied by operation of law. **Id.** Here, the clerk of courts should have entered an order denying Appellant's motion by operation of law on October 23, 2024, but it did not do so until November 8, 2024. Because the clerk of courts caused the delay in denying Appellant's motion by operation of law, we decline to quash this appeal as untimely filed. **See Commonwealth v. B.H.**, 138 A.3d 15, 19 n.7 (Pa. Super. 2016) (noting that the 30-day appeal period is triggered by the entry of an order denying the motion by operation of law).

received the vehicle or that he knew or had reason to know that the vehicle was stolen?

B.     Whether the evidence is insufficient to establish that … Appellant committed the offense of unauthorized use of automobiles (18 Pa.C.S. § 3928) beyond a reasonable doubt, as the Commonwealth failed to prove that … Appellant operated the vehicle or that he knew, or had reason to know, that he lacked the owner's consent?

C.     Whether the evidence is insufficient to establish that Appellant committed the offense of criminal conspiracy (18 Pa.C.S. § 903) beyond a reasonable doubt[,] as the Commonwealth failed to prove that Appellant entered into an agreement with a co-conspirator to commit the underlying offense of receiving stolen property (18 Pa.C.S. § 3925), or any other charged offense?

D.     Whether the evidence is insufficient to establish beyond a reasonable doubt that … Appellant committed the offense of accidents involving damage to an unattended vehicle or property (75 Pa.C.S. § 3745)[,] as the Commonwealth failed to prove that the Appellant was driving the vehicle?

Brief for Appellant at 7.

Our standard of review for a claim challenging the sufficiency of the evidence is well-established:

Because a determination of the sufficiency of the evidence presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  Further, we analyze this issue under the following guidelines:

When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence.  Moreover, this

- 3 -

Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

***Commonwealth v. Henck***, 342 A.3d 726, 731–32 (Pa. Super. 2025)

(internal citations and quotation marks omitted).

Here, the juvenile court set forth the evidence presented at the adjudicatory hearing in this case, as follows:

At the adjudicatory hearing on September 13, 2024, this [c]ourt heard the testimony of two (2) witnesses and viewed the footage of two (1) body-worn cameras.

Complainant victim Lawrence Meadows (hereinafter[,] Complainant) testified to his ownership of a reported stolen vehicle, a 2021 Jeep Laredo, with tag number MKM 8751. Complainant testified that he noticed his vehicle was missing on July 7, 2024, around 6:00 P.M. He then filed a police report and tracked the vehicle through its satellite system. Complainant reported the stolen vehicle to police, and on July 8, 2024, around 10:30 A.M., he was notified of the recovery of his vehicle. He further testified that he did not give Appellant or anyone else permission to utilize the vehicle on the day of the incident.

Police officer [Julian] Sperduto (hereinafter[,] P.O. Sperduto)[,] assigned to the Philadelphia Police Department's 12ᵗʰ Police District[,] testified that his tour of duty on July 8, 2024, around 10:30 [A.M.], took him to the location of 6700 block of Trinity Street in his marked uniform and patrol vehicle. At the tracked location, P.O. Sperduto saw a moving vehicle matching the description and tag of the reported stolen vehicle. P.O. Sperduto testified that he observed the vehicle [crash into a parked car and the] occupants, without any explanation, flee from the vehicle, with Appellant emerging from the driver's side. He further testified that he yelled for Appellant to stop fleeing, but Appellant continued to flee until another officer blocked his path.

Juvenile Court Opinion (JCO), 2/4/25, at 4 (cleaned up).

We note that the Commonwealth may prove every element of the crime through the use of only circumstantial evidence. ***Commonwealth v. Riley***, 302 A.3d 112, 115 (Pa. Super. 2023), *reargument denied* (Oct. 11, 2023), *appeal granted,* 326 A.3d 812 (Pa. 2024), and *appeal dismissed*, 327 A.3d 620 (Pa. 2024). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id.*** (citation omitted). Finally, this Court does not independently assess credibility or otherwise assign weight to evidence on appeal. ***Id.*** (citing ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004)).

We thus examine Appellant's claims of insufficient evidence. Appellant's first adjudication is for the crime of receiving stolen property, 18 Pa.C.S. § 3925.

### § 3925. Receiving stolen property

**(a) Offense defined.**--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

**(b) Definition.**--As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S. § 3925.

This offense has three elements: (1) intentionally taking possession of movable property that belongs to another; (2) knowing or believing that it has been stolen; and (3) an intent to permanently deprive the owner of his property. ***Riley***, 302 A.3d at 116. Put another way, the evidence will be

sufficient if the Commonwealth proves that the vehicle was stolen, that Appellant was in possession of it, and that Appellant either knew or had reason to know that it was stolen. *Commonwealth v. Carson*, 592 A.2d 1318, 1321 (Pa. Super. 1991).

Appellant's analysis of this issue is rather sparse, his argument consisting of only one paragraph:

> The facts presented at trial established that [Appellant] was inside of a car that had been reported stolen the prior evening when [P.O.] Sperduto saw the car collide with a parked truck. After the collision, four teens, including [Appellant], fled from the car on foot. [Appellant] and two others were caught and arrested. The car had no broken windows or other external damage which would indicate forced entry, and the steering column was intact. The owner of the car told police that he left a spare key in the glove box. The key was no longer in the glove box, but no key was found inside the car or recovered from [Appellant]. All four occupants were estimated to be about fourteen or fifteen years old. These facts are insufficient to prove, either directly or circumstantially, that [Appellant] knew or should have known the car was stolen, or that he operated or possessed it.

Brief for Appellant at 12-13.

In this case, there is no dispute that the complainant's vehicle was taken from in front of his home and that Appellant did not have permission to operate the vehicle. N.T. Hearing, 9/13/24, at 8, 17. Further, P.O. Sperduto saw Appellant flee from the vehicle after the accident occurred. *Id.* at 30-31. While it is clear that mere possession, without more, is insufficient to show that Appellant knew or should have known that the property was stolen, *see Commonwealth v. Carter*, 332 A.3d 867, 873 (Pa. Super. 2025), other facts can make it reasonable to infer that he knew the vehicle was stolen.

- 6 -

> For instance, the Commonwealth may introduce evidence regarding the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft and the ease with which the goods can be assimilated into trade channels. Such evidence will permit a fact-finder to infer guilty knowledge, particularly where there is no satisfactory explanation for a defendant's possession of recently stolen goods.

*Id.* (citation omitted). Other circumstances which can impact this conclusion include any alterations to the property indicative of a theft, the defendant's conduct at the time of the arrest, including attempts to flee from police, a false explanation given by the defendant to explain possession, or any other evidence connecting the defendant to the crime. ***Commonwealth v. Robinson***, 128 A.3d 261, 268 (Pa. Super. 2015).

Here, P.O. Sperduto observed the stolen vehicle less than 24 hours after the car was reported stolen, just two blocks from the location where the owner had parked the car the night before. N.T. Hearing at 7-11. The officer was in uniform and driving a marked police car. *Id.* at 28. As the police car approached, the stolen vehicle accelerated and crashed into a parked car; immediately thereafter the four occupants, including Appellant, exited the car and attempted to run away. *Id.* at 30-31. P.O. Sperduto ordered Appellant to halt, yet Appellant failed to comply. Nevertheless, a second officer was able to stop him. *Id.* at 33-37. While one of the car's occupants was able to escape, the three remaining were all either 14 or 15 years old. *Id.* at 38.

Appellant did not provide P.O. Sperduto with any explanation for his appearance in the stolen vehicle. Moreover, when the car was recovered, the interior was littered with dirt, food wrappers, tobacco, and various debris. *Id.*

at 15-16.  Further, the right front side of the car was smashed, and the rear of the car was scratched.  *Id.* at 12-13.  However, the complainant testified that his car was in pristine condition when he left it parked on the street the night before.  *Id.*  Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, as we must, we conclude that it was sufficient to show that the vehicle in question was stolen, Appellant had joint possession of the vehicle with his companions in the car, and that Appellant either knew, or had reason to know, that the vehicle had been stolen.  Clearly, Appellant knew that the vehicle did not belong to him, and he should also have known that none of his companions, who were all too young to have a valid driver's license, owned the vehicle.  Further, when the stolen car was followed by a marked police car, it crashed and Appellant and his cohorts attempted to flee the scene.  This evidence is sufficient to support Appellant's adjudication of delinquency for receiving stolen property.  *Carson*, *supra*.  No relief is warranted on Appellant's first issue.

Appellant was also adjudicated delinquent of unauthorized use of an automobile, which is set forth in the following statute:

### § 3928. Unauthorized use of automobiles and other vehicles

**(a) Offense defined.**--A person is guilty of a misdemeanor of the second degree if he operates the automobile, airplane, motorcycle, motorboat, or other motor-propelled vehicle of another without consent of the owner.

18 Pa.C.S. § 3928(a).  To sustain Appellant's delinquency adjudication under this statute, the Commonwealth must establish that Appellant was operating

a vehicle without the owner's consent, and that Appellant knew or had reason to know that he lacked permission of the owner to operate the vehicle. *In the Interest of Scott*, 566 A.2d 266, 267 (Pa. Super. 1989). In cases where it is unknown whether Appellant was the driver of the car, the Commonwealth may establish guilt by proving that the juvenile had been in joint possession of the stolen vehicle. *Id.*

In *Scott*, where the defendant had been convicted of both receiving stolen property and the unauthorized use of an automobile, our Court stressed that the fact that it was unknown whether the juvenile had driven the vehicle or was only a passenger did not require an acquittal of the unauthorized use charge. The panel reasoned:

> Under the circumstances, the trier of fact found that [the] appellant was either driving or riding in a vehicle that he knew was stolen. This, coupled with the attempted escape along with his companion, was sufficient basis for the fact finder to apply the doctrine of joint possession, which is appropriate when the "… totality of the circumstances justify a finding that all of the occupants of the vehicle were acting in concert…." *Commonwealth v. Shaffer*, [] 288 A.2d 727, 735 [(Pa. 1972)], *cert. denied,* 409 U.S. 867 [](1972). Under this doctrine, it is immaterial that [the] appellant may not have been behind the wheel of the stolen vehicle. We are satisfied that the evidence supports conviction of receiving stolen goods beyond a reasonable doubt.

*Id.* at 268.

Appellant argues that his adjudication must be overturned because the Commonwealth failed to establish the *mens rea* required for this offense, *i.e.*, that he knew (or should have known) that the vehicle was stolen. In support

of his claim, Appellant posits that his case is similar to *In the Interest of Waldron*, 353 A.2d 43 (Pa. Super. 1975). *Waldron* involved two juveniles who were in a stolen vehicle that crashed. The driver of the vehicle had told Waldron that the car belonged to his sister and that he had permission to drive it, but after the crash occurred, the driver told Waldron that the car was actually stolen and ran away. *Id.* at 48. Waldron then also ran. *Id.* While considering whether Waldron either knew or should have known that the car was stolen, the panel concluded that Waldron's flight after the crash was not evidence that he knew before the crash that the car was stolen — rather, it was evidence that Waldron panicked and left the scene like many juveniles may do after an accident. *Id.* In that case, therefore, the evidence was insufficient to support Waldron's conviction for unauthorized use.

*Waldron* is inapposite to the case at bar. Unlike Waldron, Appellant has not established that one of his companions had falsely claimed that they had permission to drive the vehicle. There was simply no evidence that any of the young men had lawful possession of the vehicle. Appellant provided no explanation for his conduct. Like the juvenile in *Scott*, Appellant was found inside a stolen vehicle and fled from police who attempted to apprehend him after it crashed. This evidence supports the conclusion that Appellant was riding in a vehicle that he either knew or should have known was stolen and, in fact, that Appellant had joint possession of the vehicle. Accordingly, the evidence is sufficient to support Appellant's delinquency adjudication for unauthorized use of an automobile. *Scott*, *supra*.

- 10 -

Appellant was also adjudicated delinquent of criminal conspiracy. This offense is defined as follows:

**§ 903. Criminal conspiracy**

**(a) Definition of conspiracy.**--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.

> This Court has explained:

> To sustain a conviction [or delinquency adjudication] for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy.

*Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (quoting *Commonwealth v. Rios*, 684 A.2d 1025, 1030 (Pa. 1996)). The overt act requirement can be met if anyone involved in the conspiracy commits it. *Id.* Proof of a conspiracy is typically proven by circumstantial evidence. *Id.* "The Commonwealth may present a 'web of evidence' linking the defendant to the conspiracy beyond a reasonable doubt." *Id.* Mere presence at the scene is insufficient; rather, the Commonwealth must show that the juvenile became an active participant in the criminal enterprise and had knowledge of the conspiratorial agreement. *Id.*

The juvenile court analyzed Appellant's issue as follows:

Appellant argues that the trial court erred and abused its discretion in adjudicating Appellant [delinquent] for the act of conspiracy because there was no evidence that Appellant engaged in a conspiracy agreement. In the instant case, based on the testimony of P.O. Sperduto and the body-worn camera video, this [c]ourt found the totality of circumstances sufficient to sustain a finding of guilt on the charge of conspiracy. After P.O. Sperduto got behind the stolen vehicle to investigate, he saw it crash into another vehicle and saw Appellant, along with another occupant, exit from the vehicle's driver's side and flee from the officer without any explanation. He yelled for Appellant to stop, but Appellant continued to flee until another officer blocked his path…. Appellant's unprovoked flight occurred so quickly that P.O. Sperduto testified that it occurred in less than a minute. Therefore, the conduct of Appellant and the other occupants of the vehicle, along with the circumstances surrounding such conduct (fleeing from the police upon seeing the marked police car, and subsequently fleeing on foot after crashing the stolen vehicle into a parked vehicle), created a "web of evidence" linking Appellant to a criminal conspiracy beyond a reasonable doubt.

JCO at 9. We agree with this analysis. The evidence is sufficient to support the conclusion that Appellant agreed with his companions to use the stolen vehicle as their own. The conspiracy adjudication is supported by sufficient evidence.

Appellant's last issue regards the offense of accidents involving damage to an unattended vehicle or property. This section provides:

**§ 3745. Accidents involving damage to unattended vehicle or property**

**(a) General rule.**--*The driver of any vehicle* which collides with or is involved in an accident with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property shall immediately stop the vehicle at the scene of the accident or as close thereto as possible and shall then and there either locate and notify the operator or owner of the

damaged vehicle or other property of his name, address, information relating to financial responsibility and the registration number of the vehicle being driven or shall attach securely in a conspicuous place in or on the damaged vehicle or other property a written notice giving his name, address, information relating to financial responsibility and the registration number of the vehicle being driven and shall without unnecessary delay notify the nearest office of a duly authorized police department. Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3745 (emphasis added). Appellant maintains that this section only applies to the driver of a vehicle in an accident, and that his adjudication of delinquency is invalid, in that he was not proven to be the driver of the stolen vehicle. P.O. Sperduto testified that Appellant exited the car following the crash via the driver's side of the car, but he could not state whether Appellant left the car via the driver's seat or the rear passenger seat. N.T. Hearing at 32-33.

The Commonwealth concedes that, because this statute only applies to the driver of the vehicle, the evidence did not support Appellant's adjudication for this offense. We agree. The plain meaning of the statute applies only to the driver of the car. As this element has not been established in this case, Appellant could not be adjudicated delinquent of this crime.

Accordingly, Appellant's delinquency adjudication for the offense of accidents involving damage to an unattended vehicle is reversed. In all other respects, the dispositional order is affirmed.

Order affirmed in part, reversed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/30/2026</u>